IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>                                                             )<br>            v.                                             )<br>                                                             )<br>JEFFREY CHAFFEE,                          )<br>                                                             )<br>            Defendant.                            ) | Crim. No. 4:18-CR-026<br><br>GOVERNMENT'S<br>SENTENCING<br>MEMORANDUM |

# Table of Contents

INTRODUCTION ........................................................................................................... 1

ADVISORY GUIDELINES RANGE ........................................................................... 2
    A.  Drug Quantity .................................................................................................. 2
    B.  Guidelines Calculation ................................................................................... 3

THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 120 MONTHS' .................. 3

CONCLUSION ................................................................................................................ 5

## INTRODUCTION

Defendant was charged in a Superseding Indictment with conspiracy to distribute methamphetamine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A) (Count 1); possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B) (Count 7); and possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (Count 8). On July 30, 2018, Defendant pled guilty to Count 1 of the Indictment; Counts 7 and 8 will be dismissed at the time of sentencing.

The issues to be resolved at the time of sentencing are: (1) the drug quantity attributable to Defendant and the resulting base offense level; and (2) the ultimate sentence to be imposed.

## ADVISORY GUIDELINES RANGE

### A. Drug Quantity

The presentence investigation report (PSR) attributes the following drug quantities to Defendant: (1) 276.62 grams actual methamphetamine, recovered from Defendant's residence (¶ 30); and (2) 3,472.67 grams of methamphetamine mixture that Defendant admitted to receiving and distributing during a post-*Miranda* interview (¶ 31). Defendant objects to the attribution of the 276.62 grams of actual methamphetamine, contending it should be subsumed in the quantity included in paragraph 31 of the PSR (Defendant's post-*Miranda* statement).

Defendant is mistaken. The PSR specifically subtracts the quantity of methamphetamine seized from Defendant's residence and determined to be actual methamphetamine. *See* ¶ 31 (subtracting out 276.62 grams of actual methamphetamine seized and attributed to Defendant in paragraph 30). By subtracting the methamphetamine seized from Defendant's statements of methamphetamine obtained, the PSR avoids double-counting this methamphetamine. There is no viable objection. In fact, the government, and the PSR, resolves questions about the purity of historically-received methamphetamine in Defendant's favor, attributing it as methamphetamine mixture (as opposed to ice methamphetamine), despite the seized methamphetamine being 100% pure.

## B. Guidelines Calculation

The PSR correctly calculates the advisory guidelines range in this case as follows:

| | |
|---|---|
| Base offense level (§2D1.1) | 34 |
| Dangerous weapon (§2D1.1(b)(1)) | +2 |
| Acceptance (§3E1.1) | -3 |
| Total offense level | 33 |
| | |
| Criminal History | I |
| | |
| Guidelines range: | 135 to 168 months' imprisonment |

# THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 120 MONTHS'

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence imposed –
    A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    B. to afford adequate deterrence to criminal conduct;
    C. to protect the public from further crimes of the defendant; and
    D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the guideline sentencing range;
5. any pertinent policy statement;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a). For the reasons that follow, the § 3553(a) factors support a sentence of 120 months' imprisonment.

Defendant committed an indisputably serious offense. Defendant was receiving significant quantities of methamphetamine from co-defendant Terry Sapp, who was obtaining and distributing hundreds of pounds of methamphetamine in the Southern District of Iowa during the course of the conspiracy. Defendant himself dealt with Sapp for six months. PSR ¶ 31. Defendant obtained ounce and multi-ounce quantities of methamphetamine from Sapp, eventually working his way up to half-pound quantities. *Id.* At the time of the search warrant, Defendant possessed 276 grams of actual methamphetamine, $11,940 in cash, and a firearm. *Id.* ¶ 30. Although Defendant did not possess this firearm in furtherance of his drug trafficking activity, Defendant's knowing possession of a firearm in his residence, where he stored drugs and drug proceeds, heightens the danger of his drug trafficking. He posed a significant danger to himself, his spouse, and others.

Defendant's criminal history is relatively limited, given his criminal conduct in this case. Defendant's only criminal convictions within the last two decades involve driving with a barred or suspended license. PSR ¶¶ 69-73. Save for Defendant's 1999 conviction for assault, Defendant has no prior history of violence or significant drug activity. Defendant was on pretrial release from the time of his initial arrest (February 14, 2018) until the time of his guilty plea on August 14, 2018. During this time, Defendant had no violations of his release conditions. He completed substance abuse treatment and showed a willingness to work toward sobriety. *Id.* ¶ 111. He has demonstrated an ability to contribute positively to the community when he is sober; from 2000 to 2013, he abstained from methamphetamine, was employed as a

4

union carpenter, and had no significant criminal violations. *Id.* ¶¶ 108, 120. He has incurred no disciplinary violations since he has been in custody. *Id.* ¶ 11.

## CONCLUSION

For these reasons, the Court should impose a sentence of 120 months' imprisonment.

Respectfully Submitted,

Marc Krickbaum
United States Attorney

By: */s/ Mikaela J. Shotwell*
Mikaela J. Shotwell
Assistant United States Attorney
United States Courthouse Annex
110 East Court Avenue, Suite 286
Des Moines, Iowa 50309-2053
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: mikaela.shotwell@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2018, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record and the United States Probation Officer by:

\_\_\_\_ U.S. Mail   \_\_\_\_ Fax   \_\_\_\_ Hand Delivery

 X  ECF/Electronic filing   \_\_ Other means (email)

UNITED STATES ATTORNEY

By:   */s/ Mikaela J. Shotwell*